IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| SOUAIBOU CISSOKO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | FILED ELECTRONICALLY |
| | : | ON DECEMBER 8, 2025 |
| McGEE AEGIS SOLUTIONS LLC, | : | |
| | : | ARBITRATION-ELIGIBLE |
| Defendant. | : | |
| | : | |

## COMPLAINT

Souaibou Cissoko ("Plaintiff") brings this lawsuit against McGee Aegis Solutions LLC ("Defendant"), seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim per 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA claim per 28 U.S.C. § 1367.

3. Venue is proper per 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Whitehall, PA.

5. Defendant is a corporate entity headquartered at 6465 Village Lane, Suites 8/10 Macungie, PA 18062.

## FACTS

6. Defendant is in the business of, *inter alia*, operating residential group homes that

1

service clients with intellectual/developmental disabilities.  These group homes are staffed by Direct Support Professionals ("DSPs"), who provide one-on-one support services to the clients.

7. Plaintiff worked for Defendant as a DSP from 2023 until approximately July 2025.  As such, Defendant assigned Plaintiff to clients in residential group homes located throughout the Lehigh Valley.

8. Defendant designates most of its DSPs as "employees."  However, it designated Plaintiff as a non-employee "independent contractor."

9. Plaintiff's duties and responsibilities did not materially differ from those of the DSPs designated as employees.

10. As our Court of Appeals has observed, the contractual designation of "independent contractor" has no bearing on one's employment status under federal and state wage laws.  *See Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 229-30 (3d Cir. 2019).  Indeed, "[t]he whole point of [such laws] is to protect workers by overriding contractual relations through statute."  *Id.* at 229.

11. Plaintiff's employment status under the FLSA is dictated by an "economic reality" analysis focused on the extent to which Plaintiff was "dependent upon the business to which [he] render[ed] service."  *Razak v. Uber Technologies, Inc.*, 951 F.3d 137, 143 (3d Cir. 2020) (internal quotations omitted).  Such analysis requires the factfinder to weigh six non-exclusive and non-dispositive factors:  (i) "the degree of the alleged employer's right to control the manner in which the work is to be performed;" (ii) "the alleged employee's opportunity for profit or loss depending upon his managerial skill;" (iii) "the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;" (iv) "whether the service rendered required a special skill;" (v) "the degree of permanence of the working

relationship;" and (vi) "whether the service rendered is an integral part of the alleged employer's business." *Id.* at 142-43.  Meanwhile, the Pennsylvania Supreme Court has not endorsed any test for determining employment status under the PMWA.  So Plaintiff – in the absence of further guidance – asks this Court to apply to the test applicable to determining employment status under Pennsylvania's Unemployment Compensation Law.  Under this test, Plaintiff is *presumed* to be an employee, and defendant bears the burden of proving *both* (i) that Plaintiff is "not subject to [Defendant's] control or direction" *and* (ii) that Plaintiff is "customarily engaged in an independently established trade, occupation, profession or business."  *Lowman v. Unemployment Compensation Board of Review*, 235 A.3d 278, 300-07 (Pa. 2000).

12.    Weighing the above factors is not appropriate or necessary at the pleadings stage, especially since Defendant – not Plaintiff – bears the burden of proving that Plaintiff was properly designated as a non-employee contractor.  Notwithstanding, Plaintiff submits that the discovery record will demonstrate that he was a statutory employee under the FLSA and PMWA.  For example:

    a.    Defendant exercised significant control over Plaintiff by, *inter alia*, requiring him to follow company policies, guidelines, and protocols and to work pursuant to a set schedule.

    b.    Plaintiff's work does not require any particular "managerial skill" or "special skill."  Rather, the skills associated with the DPS position can be learned through "on-the-job" training, and the DPS job description lists "High School Diploma or GED" as the applicable educational requirement.

    c.    Plaintiff's relationship with Defendant had a high "degree of permanence" because he worked for Defendant for over one and one-half years.

    d.  In directly caring for Defendant's clients, Plaintiff provided services that were an "integral part of" Defendant's business.  Indeed, caring for disabled clients goes to the very heart of Defendant's fundamental business purpose.

    e.  Plaintiff was not "customarily engaged in an independently established trade, occupation, profession or business."  On the contrary, Plaintiff was economically dependent on Defendant, which assigned him to residential group homes owned and operated by Defendant and required him to provide services to Defendant's clients.

13.  As indicated in paragraph 12, Plaintiff – even in the absence of discovery – plausibly asserts that he qualifies as a statutory employee under the FLSA and PMWA.

14.  Defendant paid Plaintiff an hourly wage of $25.00.

15.  Plaintiff often work over 40 hours per week.  For example, during the week ending May 10, 2025, Plaintiff was credited with working over 90 hours.

16.  Plaintiff did not receive any overtime wages for hours worked over 40 per week.

17.  In failing to pay overtime wages to Plaintiff, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and also has violated the PMWA.

## **COUNT I – FLSA**

18.  All previous paragraphs are incorporated as though fully set forth herein.

19.  The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

20.  Defendant is an employer required to comply with the FLSA's overtime pay mandate, and Plaintiff is an employee entitled to the mandate's protections.

21.  Defendant violated the FLSA by failing to pay Plaintiff overtime wages for hours

worked over 40 per week.

22. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II – PMWA

23. All previous paragraphs are incorporated as though fully set forth herein.

24. The PMWA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

25. Defendant is an employer required to comply with the PMWA's overtime pay mandate, and Plaintiff is an employee entitled to the mandate's protections.

26. Defendant violated the PMWA by failing to pay Plaintiff overtime wages for hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief: (i) the payment of all overtime wages; (ii) all liquidated damages available under the FLSA; (iii) prejudgment interest; (iv) reasonable attorney's fees and costs; and (v) such other relief as the Court deems just and proper.

Date: December 8, 2025                                        Respectfully,

_____
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com